**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MICHAEL J. NANCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-033-GPM |
| | ) |
| PAT RENSING, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, Michael J. Nance, an inmate at the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Nance seeks $5,000 from each defendant as relief for dereliction of duty and deliberate indifference in violation of his Eighth Amendment rights.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Nance claims he put in a clothing request for boots to wear in the winter. He was told that he had to have a certain type of job at the prison to be eligible for boots. Furthermore, Defendant Dean told Nance that he could write to the doctor to request boots for a medical problem. Nance claims Defendant Obidina failed to respond, as did Defendant Schwartz, when Nance wrote requesting boots.

Nance claims Defendants violated his Eighth Amendment rights because a prison is supposed to clothe its inmates according to the weather. Nance claims his shoes were not warm enough and that he should have been issued boots for the winter. Thus, he asserts that Defendants were deliberately indifferent to his attempts to get proper clothing.

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *See also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *See also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a

mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires a prison official to have a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil*, 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson*, 955 F.2d at 22. It is well-settled that mere negligence is not enough. *See, e.g., David v. Cannon*, 474 U.S. 344, 347-48 (1986).

Here Nance's complaints do not rise to the level of an "objectively serious condition." He has not alleged that he has suffered any harm from not wearing boots or that his prison-issued shoes are objectively insufficient. Nor do his allegations suggest that any defendant acted with deliberate

indifference to his needs.  Thus, he has failed to state a claim upon which relief may be granted.

**<u>Disposition</u>**

In summary, the complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Nance is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: 7/8/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge